UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LATARRIS ROBINSON                                                                          PETITIONER
ADC #108971

V.                                      NO. 5:16cv00167-SWW-JTR

WENDY KELLEY, Director,                                                                    RESPONDENT
Arkansas Department of Correction

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Pending before the Court is a 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Latarris Robinson ("Robinson"), an Arkansas Department of Correction ("ADC") inmate. *Doc. 1*. Before addressing Robinson's claims, the Court will review the procedural history of the case.

On July 19, 2002, a Pulaski County Circuit Court jury convicted Robinson of manslaughter, theft by receiving, fleeing, and failure to stop at an accident involving injury or death. Robinson was sentenced to a total of forty-two years of imprisonment. *Doc. 7-1, at 9, 11-17.*

According to ADC records, Robinson's "transfer eligibility date" is May 13, 2015.[1] *Id. at 8*; *Doc. 1, at 10.*

On May 18, 2015, Robinson appeared before the Arkansas Parole Board ("Board") for a "Transfer Board Hearing." The Board denied, for one year, Robinson's transfer from the ADC to parole supervision. *Doc. 1, at 8*. The section of the Board's written decision entitled, "Reasons for Action," states "None." *Id.* On July 12, 2015, the Board denied reconsideration of its decision. Again, the reasons given were "None." *Id. at 9.*[2]

On May 31, 2016, Robinson initiated this habeas action. In his habeas papers, he argues that, in denying him transfer to parole status in May and July 2015, the Board violated: (1) an Arkansas statute and corresponding language in the Arkansas

---

[1] Under the Arkansas statutes, an inmate's "transfer eligibility date" is the earliest date he becomes eligible for transfer from the ADC to less restrictive placement or supervision by the Department of Community Correction, which may include parole. Ark. Code Ann. § 16-93-1202(2), (4), (11) & (12)(A).

[2] According to the Board's website, it later "deferred" decisions regarding Robinson's parole on May 17, 2016, and October 18, 2016. On January 17, 2017, the Board again denied parole for one year. *See* http://www.paroleboard.arkansas.gov/online-tools. Robinson does not challenge these subsequent parole decisions in this § 2254 action.

Parole Board policy manual;[3] and (2) his due process rights under the United States Constitution. According to Robinson, the Board's one-year denial is not one of the "two options" allowed by the statutory language and Board policy, *i.e.* either transfer him to parole status, *or* specify a course of action for him to undertake to rectify the Board's concerns. He also argues that the Board erred by not providing any reasons for its decision.

Respondent argues that Robinson's claims are not cognizable in a § 2254 habeas action, or, alternatively, the claims should be dismissed based on procedural

---

[3]Although the statute Robinson cites – Ark. Code Ann. § 16-93-1302 -- has been repealed, the language on which he relies is now contained in § 16-93-615(a)(2):

> (A)   When one (1) or more of the circumstances in subdivision (a)(1) of this section are present, the Parole Board shall conduct a hearing to determine the appropriateness of the inmate for transfer.
>
> (B)   The Parole Board has two options:
>
> (i)   To transfer the individual to the Department of Community Correction accompanied by notice of conditions of the transfer, … or
>
> (ii)   To deny transfer based on a set of established criteria and to accompany such denial with a prescribed course of action to be undertaken by the inmate to rectify the Parole Board's concerns.
>
> (C)   Upon completion of the course of action determined by the Parole Board and after final review of the inmate's file to ensure successful completion, the Parole Board shall authorize the inmate's transfer to the Department of Community Correction … in accordance with administrative policies and procedures governing the transfer and subject to conditions attached to the transfer.

*See* Ark. Acts of 2011, No. 570 § 100 (amending Ark. Code Ann. § 16-93-615), § 108 (repealing Ark. Code Ann. §§ 16-93-1301 to -1304).

3

default. *Doc. 7*. Robinson filed two Replies. *Docs. 9 & 10*. Thus, the issues are joined and ready for resolution.

For the reasons discussed below, the Court recommends that the § 2254 Petition be denied, and that the case be dismissed, with prejudice.

## II. Discussion

Section 2254 "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). "[F]ederal habeas corpus relief does not lie for errors of state law." *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (omitting citations). Thus, this Court's authority in resolving Robinson's habeas claims is limited to determining whether a federal constitutional violation has occurred. Accordingly, any questions surrounding whether the Board correctly applied state law or properly followed its own policies may *not* be resolved in this federal habeas action.

A federal constitutionally protected liberty interest "may arise from the Due Process Clause itself or from an expectation or interest created by state law or policies." *Jenner v. Nikolas*, 828 F.3d 713, 716 (8th Cir. 2016) (citing *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)). Under well-established law, Robinson does not

have a protected liberty interest, under the United States Constitution, in the possibility of being granted parole. *See Swarthout*, 562 U.S. at 220 ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). The mere possibility of parole, without more, provides at most a hope that the benefit will be obtained and does not create an entitlement to due process under the Fourteenth Amendment. *Greenholtz*, 442 U.S. at 11.

The law recognizes that a State, in establishing a parole system, may create a liberty interest that is protectable under the Fourteenth Amendment. *Greenholtz*, 442 U.S. at 12; *see Board of Pardons v. Allen*, 482 U.S. 369, 373-81 (1987). A liberty interest may arise from state law if the "state statute or regulation involved uses mandatory language and imposes substantive limits on the discretion of state officials." *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008).

The Arkansas Supreme Court has emphasized the broad discretionary authority granted under Arkansas's parole statutes and "has repeatedly held that

5

there is no liberty interest in parole in Arkansas."[4] *Whiteside v. Arkansas Parole Board*, 2016 Ark. 217, at 2, 492 S.W.3d 489, 490; *see also Mason v. Hobbs*, 2015 Ark. 20, at 3, 453 S.W.3d 679, 681-82 ("[T]here is no constitutional right or entitlement to parole that would invoke due-process protection."); *Hodges v. Norris*, 2004 WL 439982, at *2 (Ark. Sup. Ct. Mar. 11, 2004) ("Transfer for parole is not a matter of right."); *Michalek v. Lockhart*, 730 S.W.2d 210, 211 (Ark. 1987) ("[T]here is no constitutional right or entitlement to parole.").

The Eighth Circuit also has repeatedly held that the Arkansas statutes create only a possibility of parole, and thus do not establish any right to release on parole which would invoke due process protections. *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir. 1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir. 1984); *see also Hamilton v. Brownlee*, 237 F. App'x 114, 115 (8th Cir. 2007) (unpub.) (Arkansas parole statutes do not create protectable liberty interest in discretionary parole decisions, and prisoner did not have protectable liberty interest in having parole board follow its own hearing policy).

---

[4]Arkansas law imposes minimal restrictions on the Parole Board, which "may" release an individual on parole when, in its opinion, there is a reasonable probability that an inmate can be released without detriment to the community or himself and "is able and willing to fulfill the obligations of a law-abiding citizen." Ark Code Ann. § 16-93-701(a)(1) & (b)(3). The Parole Board is also granted discretion to promulgate rules, regulations and procedures regarding parole and to determine if or when, and under what conditions, a particular inmate will be paroled. *See, e.g., id.* §§ 16-93-615, 16-93-1208(a); *see also id.* § 16-93-1210 ("Nothing in this subchapter [governing community punishment] shall grant any offender the right to be sentenced or transferred under this subchapter as a matter of right.").

Finally, this Court has explicitly rejected Robinson's argument that the "two options" language creates a constitutionally protected liberty interest. *Barnett v. Kelley*, No. 5:17cv00090-BSM-JTK, 2017 WL 2643421 (E.D. Ark. May 24, 2017), *recommendation adopted* 2017 WL 2643254 (E.D. Ark. June 19, 2017); *Wadlington v. Kelley*, No. 5:16cv00261-BD (E.D. Ark. Nov. 22, 2016); *Rhodes v. Kelley*, No. 5:15cv00225-BRW-JTR, 2016 WL 2865374 (E.D. Ark. Apr. 22, 2016), *recommendation adopted* 2016 WL 2755450 (E.D. Ark. May 11, 2016).

As the Court has explained, Robinson's "construction and understanding of the relevant statutes and regulations is flawed. Despite using ostensibly 'non-discretionary' or 'mandatory' language, the statutory and regulatory scheme, as a whole, merely creates the *possibility* for early release based on the Board's opinion regarding a particular individual." *Rhodes*, *supra* at *4.

Finally, Robinson cites *Parker v. Corrothers,* 750 F.2d at 662, for the proposition that the Board "must explain in more than boilerplate generalities" why it is denying parole. However, the Court's decision in *Parker*, which was rendered over thirty years ago, was explicitly predicated on Arkansas Parole Board regulations which had already been *revised and superseded* by the time of the Court's decision. *Id.* at 657-62. Where, as here, *no liberty interest* is created under the current Arkansas statutory and regulatory scheme, there can be no constitutional basis for a due process violation and a prisoner is not entitled to any procedural

7

safeguards, such as a statement of the reasons for denial of parole. *See Swarthout*, 562 U.S. at 219 ("We first ask whether there exists a liberty or property interest of which a person has been deprived, *and if so* we ask whether the procedures followed by the State were constitutionally significant.") (emphasis added); *Peck v. Battey*, 721 F.2d 1157, 1159 (8th Cir. 1983) (because an inmate had no "statutorily created expectation" of early release, he was not entitled to written reasons for denial of commutation and parole).

Accordingly, because Robinson has no federal or state liberty interest in the possibility of obtaining parole, he is not entitled to any due process protections in connection with his parole proceedings.[5]

---

[5] Under the Arkansas Administrative Procedures Act ("APA"), Robinson had 30 days from service of the Board's final decision to file an APA action for judicial review in either Pulaski County Circuit Court or the circuit court in the county where he was incarcerated. *See* Ark. Code Ann. § 25-15-212(b)(1); *Clinton v. Bonds*, 816 S.W.2d 169, 172 (Ark. 1991) (inmates may obtain review of constitutional questions under the APA). He did not do so. Thus, even if Robinson had asserted a cognizable constitutional claim in this habeas action, his claim is procedurally defaulted because he failed to present it to the Arkansas courts for resolution before seeking relief in federal court. *See Murphy v. King*, 652 F.3d 845, 848-50 (8th Cir. 2011) (before seeking federal habeas relief, petitioner must "fairly present" his claim to the state courts; federal habeas review of defaulted claims is "barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice") (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Robinson argues that an APA action would be "futile and a waste of time." *Doc. 9, at 2*. However, Robinson's subjective belief that the Arkansas courts would reject his parole denial claim in an APA action does not constitute "cause" to excuse his default. *See Smith v. Murray,* 477 U.S. 527, 535 (1986) (holding that "perceived futility alone cannot constitute cause"); *Ruiz v. Felts,* 2017 Ark. 85, at 3, 6-7, 512 S.W.3d 626, 628-30 (stating that "an inmate who asserts a credible constitutional claim is entitled to review under the [APA]" and holding that the plaintiff in that case stated a "legitimate claim that the [Parole] Board violated a constitutional right").

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 1*, be DENIED, and the case be DISMISSED, with prejudice. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 6th day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE